UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANNON L. CLOUD,

                      Plaintiff,              DECISION AND ORDER
                                                                 19-CV-460 MJP

vs.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

_____

## INTRODUCTION

Plaintiff Shannon L. Cloud ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, ECF No. 13.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 11.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On December 15, 2015, Plaintiff protectively filed for DIB and SSI, alleging disability beginning on March 31, 2006.[1] (R.[2] 158–60.) The Social Security Administration initially

---

[1] The Commissioner and the A.L.J. improperly assert that Plaintiff filed for DIB and SSI on October 26, 2015. (Comm.'s Mem. of Law at 2, ECF No. 11-1; A.L.J.'s Decision at 13, ECF No. 6.)

[2] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security.

denied Plaintiff's claims on February 24, 2016. (R. 82–89.) On March 8, 2018, an Administrative Law Judge ("A.L.J.") located in Falls Church, Virginia held a hearing in this matter. (R. 34–35.) Plaintiff participated in the hearing and was represented by counsel. (R. 34.) A vocational expert was also present and testified at the hearing via telephone. (R. 34–35.)

The A.L.J. issued a decision on June 1, 2018, finding that Plaintiff had the following severe impairments: "Fibromyalgia, Migraine Headaches, Cervical Spine Disorder, Lumbar Spine Disorder, Raynaud's Syndrome, Obesity, Bipolar Disorder, Major Depressive Disorder, Post-Traumatic Stress Disorder, and Anxiety Disorder." (R. 16.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except as follows: The claimant needs an opportunity to change positions as often as every 30 minutes for 1-2 minutes. She is limited to never climbing ladders, ropes, or scaffolds, and to occasional postural motions otherwise. The claimant is limited to no exposure to dangerous work hazards, including unprotected heights and exposed moving machinery, and no exposure to extreme heat, humidity, and cold conditions. She is limited to work that is detailed, but uninvolved, and does not require a fast, assembly-quota pace. The claimant is limited to occasional required work interactions with co-workers, supervisors, and public, and work that allows for off-task behavior for up to 3 percent of the workday. The claimant is limited to moderate noise exposure within the work environment.

(R. 20.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied her request for review on February 14, 2019, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–3.) Plaintiff filed this lawsuit on April 9, 2019. (Compl., ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A)

& 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)  whether the claimant is currently engaged in substantial gainful activity;
>
> (2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)  if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review. First, Plaintiff asserts the A.L.J. erred in substituting her lay opinion regarding Plaintiff's mental capacity after discounting the opinions of the consultative examiner and reviewing physician. (Pl.'s Mem. of Law at 2, EFC No. 10-1.) Second, Plaintiff contends that the A.L.J. erred in discounting Plaintiff's reports of her physical limitations, instead relying on the opinion of Dr. Figueroa who did not have medical imaging to review. (*Id.* at 2.)

4

### *The A.L.J. Improperly Relied Upon His Own Lay Opinion When Determining Plaintiff's RFC.* [3]

The Court notes that the record does not contain any medical opinions from a treating physician specific to Plaintiff's treatment for her mental functioning, such as a treating psychologist or psychiatrist. As such, the only opinions by physicians and treating sources concerning Plaintiff's mental limitations and mental health treatment derive from consulting and/or examining physicians, and a state agency review physician. While the opinions of consulting and examining physicians are not entitled to controlling weight, in the absence of a controlling treating physician opinion, such opinions "take [ ] on particular significance." *Dioguardi v. Commissioner*, 445 F.Supp.2d 288, 295 (W.D.N.Y. 2006). In such circumstances, an A.L.J. must consider opinions by each of these sources using the same factors that are typically used to evaluate the opinions of treating physicians (e.g., physician's area of specialty, whether opinion is supported by objective testing or other evidence of record), and must explain in his decision the weight given to each and the reasons therefor. 20 C.F.R. §§ 404.1527(c)(1)-(6), § 404.1527(f)(1). The A.L.J.'s failure to do so constitutes grounds for remand. *Ferrari v. Saul*, No. 18-CV-6457, 2020 WL 2542627, *2 (W.D.N.Y. May 19, 2019); *Montanez v. Berryhill*, 334 F. Supp. 3d 562, 564 (W.D.N.Y. 2018).

The record contains three medical opinions: (1) the February 16, 2016 opinion of Rita Figueroa, M.D., an internal medicine consultative examiner, to which the A.L.J. assigned "great weight" (R. 628–34); (2) the February 16, 2016, opinion of Gina Zali, Psy.D., who conducted an in-person consultative psychological examination of Plaintiff, to which the A.L.J. assigned "some weight" (R. 622–26); and (3) the February 22, 2016, opinion of A. Dipeolu, Ph.D., a State agency psychological consultant, to which the A.L.J. assigned "little

---

[3] Residual Function Capacity.

weight" (R. 68–69). Importantly, Dr. Figueroa's examination did not include an assessment of Plaintiff's mental impairments or their impact on her ability to work.

While acknowledging that Plaintiff had more severe mental impairments than assessed by either Dr. Zali or Dr. Dipeolu, it is unclear how the A.L.J. concluded that the RFC should limit Plaintiff to "occasional required work interactions with co-workers, supervisors, and [the] public, and work that allows for off-task behavior for up to 3 percent of the workday." (R. 20.) The A.L.J. did not reach this conclusion from either the opinions of Dr. Figueroa, who did not conduct a mental assessment of Plaintiff, or the opinion of Dr. Dipeolu, which the A.L.J. rejected.

Moreover, the A.L.J.'s treatment of Dr. Zali's opinion — the one opinion regarding Plaintiff's cognitive functioning to which the A.L.J. gave some weight — is troubling for several reasons. The A.L.J. explained that she only accorded some weight to Dr. Zali's opinion because "the subsequently received evidence that includes an in-patient psychiatric admission shows the claimant is more limited in terms of mental functioning than found by Dr. Zali" and because "the opinion is not consistent with mental status examinations, which showed tangential thoughts, poor eye contact, and flight of ideas." (R. 26.) The decision is unclear as to which portions of Dr. Zali's opinion the A.L.J. decided to accord some weight and which portions she rejected, which is error. *Kande v. Comm'r Social Security*, No. 19-CV-3578 (KNF), 2020 WL 3871218, *9 (S.D.N.Y. July 9, 2020) ("The ALJ did not explain why she gave only "some weight" to Dr. Archbald's opinion and what portions of the opinions she accepted or rejected. The ALJ's failure to identify portions of Dr. Archbald's opinion on which she relied and those she rejected is erroneous."). Here, it appears as though the A.L.J. stated that she gave some weight to Dr. Zali's opinion but then discredited the weight she assigned by citing to the later evidence of Plaintiff's psychiatric hospitalization. Since this is the only

6

opinion in the record regarding Plaintiff's cognitive functioning to which the A.L.J. gave credit, the Court cannot meaningfully review the A.L.J.'s decision, warranting remand.

In addition, it is not clear how the A.L.J. reached the conclusion that Plaintiff was limited to "occasional required work interactions with co-workers, supervisors, and [the] public, and work that allows for off-task behavior for up to 3 percent of the workday." Dr. Zali's opinion indicated that Plaintiff "has mild limitations with relating adequately with others." There is no other opinion in the record to which the A.L.J. gave credit that addresses the level of Plaintiff's ability to interact with others or that Plaintiff would be "off-task" three percent of the workday. Accordingly, it appears that the A.L.J. reached these conclusions based upon her own lay opinion, which is impermissible and requires remand. *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) (A.L.J. improperly substituted her own lay opinion in place of medical testimony.); *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) ("Neither a reviewing judge nor the Commissioner is permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion . . . or indeed for any competent medical opinion.") (internal quotations and citations omitted.). Indeed, "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted).

It is not clear if the A.L.J. relied on any medical opinion related to Plaintiff's cognitive functioning, or how she determined that Plaintiff could only "occasional[ly] interact with

7

others, or how he determined that Plaintiff would be "off-task" three percent of the time. In limited situations where impairments are relatively simple and mild, an A.L.J. may be able to "render a common sense judgment about functional capacity even without a physician's assessment"; however, where there is "a relatively high degree of impairment," an A.L.J. is "unqualified to assess residual functional capacity." *Sheri S. v. Berryhill,* No. 3:18-CV-192 (DJS), 2019 WL 1429522, *4–5 (N.D.N.Y. Mar. 29, 2019) ("By assigning such a specific limitation that is not consistent with any supporting medical opinion, the ALJ improperly substituted her opinion for that of a valid medical opinion."); *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'") (citation omitted). Based upon the forgoing, the Court finds that the A.L.J. was not qualified to determine the level of specificity regarding Plaintiff's "occasional" interaction with others and "off-task" behavior without the aid of a medical professional. Accordingly, the Court finds that the A.L.J.'s RFC was not supported by substantial evidence and remand is required.

Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 10) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 11). The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for

a hearing. The Clerk of the Court will enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:    September 1, 2020
          Rochester, New York

                               /s/ Mark W. Pedersen
                               MARK W. PEDERSEN
                               United States Magistrate Judge